Dear Judge Lemoine:
This office is in receipt of your request for an opinion of the Attorney General in regard to development of a Criminal Patrol Unit to be funded by the City Court. You indicate the Criminal Patrol Unit would be implemented to operate in target areas to decrease the availability of narcotics and/or alcohol in the City. The officers and their assignments would at all times be under the Pineville Police Department and they would be employees of the Police Department. The Court would like to consider funding this program on a quarterly basis, and you ask for the opinion of this office on the legality of the Court participating in this program.
The assessment and disposition of costs collected by the city courts are controlled by statutory law. R.S. 13:1898
provides all funds collected "shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish * * * when the prosecution is on behalf of the state or parish."
R.S. 13:1899 provides for assessment of additional costs. In paragraph (B) these costs shall be deposited in a special account "used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge." The following paragraph, (C), allows an assessment in criminal matters to be deposited in a special account that will be in the name and control of the marshal. The statute specifies it shall be separate and distinct from the account provided for in R.S. 13:1899(B), and further provides it "shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for the proper conduct of the marshal's or constable's offices, for maintenance and improvement of jail facilities, or for purchase of law enforcement equipment, and all as may be proved (sic) by said marshal of constable."
In addition to the general fees or costs provided by law, R.S. 13:2095.1 allows the City Court of Pineville to collect from each person filing any civil suit or proceeding "a non-refundable fee not to exceed ten dollars" which shall be deposited in the court general fund "to supplement the operations expenses of the court." It is further provided, "The expenditure of the funds shall be at the sole discretion of the judge of the court."
Since we find these funds are designated to be used for the operational expenses of the court or other similar expenditures, we do not feel the proposed expenditure, which is in the law enforcement field, would fall within this category.
The only funds that we feel may possibly be used toward the proposed Patrol Unit would be that under R.S. 13:1899(C) designated for "the proper conduct of the marshal's or constable's offices", and "purchase of law enforcement equipment", but this is in the control of the marshal. Under R.S. 13:1881 the marshal has the same powers and authority of a sheriff, and we feel he could fund the Criminal Patrol Unit, if he should so desire, but not the Court.
We hope this sufficiently answers your question, but if we an be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0557f